# EXHIBIT A

| SHERIFF'S ENTRY OF SERVICE | SC-85-2 | | 56015 |
|---|---|---|---|
| | | | CLYDE CASTLEBERRY CO., COVINGTON, GA 30015 |

Civil Action No. **15A 54979-1**

Date Filed **3-19-2015**

Superior Court ☐
State Court ☒
Juvenile Court ☐
Magistrate Court ☐
Probate Court ☐

Georgia, **DeKALB** COUNTY

**PERCY JENKINS**

_____ Plaintiff

VS.

**AMERICAN ZURICH INSURANCE COMPANY**

_____ Defendant

Attorney's Address
Brandon L. Peak
Butler Wooten Cheeley & Peak LLP
105 13th Street
P.O. Box 2766
Columbus, GA 31902

Name and Address of Party to be Served.

AMERICAN ZURICH INSURANCE COMPANY
c/o Registered Agent
Corporation Service Company
40 Technology Parkway South, Suite 300
Norcross, Gwinnett County, GA 30092

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.
Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☒ Served the defendant **American Zurich Insurance Company** a corporation by leaving a copy of the within action and summons with **Alisha Smith** in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

**March 15**

This _____ day of _____, 20 _____.

_Hilliard 5086_

_____ DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK    CANARY-PLAINTIFF    PINK-DEFENDANT

No. 15A54979-1

Date Summons Issued and Filed: 3-19-2005

_____
Deputy Clerk  M.B. Seay

Deposit Paid $ 219.50

[ ] ANSWER

[ ] JURY

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

**SUMMONS**

PERCY JENKINS,
c/o 105 13th Street, P. O. Box 2766, Columbus, GA 31902
(Plaintiff's name and address)

vs.

AMERICAN ZURICH INSURANCE COMPANY,
c/o Corporation Service Company
40 Technology Parkway South, Suite 300, Norcross, GA 30092

(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:** AMERICAN ZURICH INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Brandon L. Peak
(Name)
Butler Wooten Cheeley & Peak LLP, P. O. Box 2766, Columbus, GA 31902
(Address)
706-322-1990                    141605
(Phone Number)                  (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

Defendant's Attorney                          Third Party Attorney

Address                                       Address

Phone No.       Georgia Bar No.               Phone No.         Georgia Bar No.

**TYPE OF SUIT**

☐ Account          [X] Personal Injury        Principal    $ _____
☐ Contract         ☐ Medical Malpractice
☐ Note             ☐ Legal Malpractice        Interest     $ _____
☐ Trover           ☐ Product Liability
                   ☐ Other                    Atty Fees    $ _____

☐ Transferred From _____

(Attach BLUE to Original and WHITE to Service Copy of complaint)

summons1-2008rev

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| PERCY JENKINS, | * |
| Plaintiff, | * |
| v. | * |
| AMERICAN ZURICH INSURANCE COMPANY, | * CIVIL ACTION NO.: 15A54979-1 |
| Defendant. | * |

## COMPLAINT

Plaintiff Percy Jenkins files this Complaint, demanding a jury trial and showing this Honorable Court the following:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Percy Jenkins is a resident of Fayette County, State of Georgia.

2.

Defendant American Zurich Insurance Company ("Zurich Insurance") is an insurance company organized and existing under the laws of Illinois with its principal place of business located at 1400 American Lane, T-1, FL-4, Schaumburg, Illinois, 60196. Defendant Zurich Insurance may be served with legal process by serving its registered agent for service, Corporation Service Company, located at 40 Technology Parkway South, Suite 300, Norcross, Georgia, 30092.

3.

On February 11, 2014, in Troup County, Georgia, Reid D. Murray, an employee and/or agent of motor carrier Mercer Transportation Co., Inc. ("Mercer Transportation"), was traveling north on I-185 when a drive shaft of the Mercer Transportation tractor trailer he was driving fell off into the interstate, blocking the northbound lanes of travel. Mr. Jenkins, who was also traveling north on I-185 at night, was severely injured when the fallen drive shaft, which Mr. Jenkins did not see on the asphalt roadway at night, suddenly and without warning struck the underside of Mr. Jenkins's vehicle, causing Mr. Jenkins's vehicle to shoot up off the roadway and then slam violently back down on the pavement.

4.

The claims asserted by Mr. Jenkins against Defendant arise out of the incident described in the preceding paragraph.

5.

Defendant Zurich Insurance is subject to the jurisdiction of this court because it is a corporation that is authorized to and does transact business in the State of Georgia. Zurich Insurance is properly named and may be properly sued in this action pursuant to O.C.G.A. §§ 40-1-112(c), 40-2-140(d)(4), and other applicable law.

6.

Venue is proper in this Court with respect to Defendant Zurich Insurance pursuant to O.C.G.A. § 33-4-1(2)-(3) and other applicable law. Zurich Insurance has an agent and/or place of doing business in DeKalb County, Georgia.

7.

Defendant Zurich Insurance provided liability insurance coverage to Mercer Transportation, a motor carrier, and Murray for this wreck under Policy Number TRK 5746979-00.

## OPERATIVE FACTS

8.

Mercer Transportation is a motor carrier.

9.

At approximately 8:50 pm on February 11, 2014, Murray was driving a Mercer Transportation tractor trailer northbound on interstate I-185 near mile marker 47 in Troup County, Georgia.

10.

Because Mercer Transportation negligently maintained the tractor trailer, the drive shaft of the tractor trailer became loose and fell off while Murray was driving the tractor trailer on the interstate.

11.

Because Murray negligently maintained and operated a tractor trailer with an unreasonably and dangerously loose drive shaft, the drive shaft of the tractor trailer fell off while Murray was driving the tractor trailer on the interstate.

12.

Murray stopped the tractor trailer and pulled over to the side of the interstate, but negligently failed to warn oncoming drivers and/or authorities of the danger posed by the drive shaft laying in the dark interstate.

13.

There were no triangles or warning lights indicating danger in the roadway where the drive shaft had fallen and lay virtually invisible at night.

14.

At around the same time, a vehicle driven by Mr. Jenkins was traveling north on I-185 and approached the area of the interstate where the rear drive shaft lay in the roadway.

15.

Unable to see and/or avoid the drive shaft that had fallen off of the Mercer Transportation tractor-trailer and lay blocking the roadway, the underside of Mr. Jenkins's vehicle collided with said drive shaft.

16.

Other vehicles driving on the interstate during that time also struck the drive shaft because they were also unable to see and/or avoid the black drive shaft on a black asphalt road in rural Georgia at night.

17.

Mr. Jenkins was an innocent victim who in no way contributed to causing the February 11, 2014 wreck.

18.

The February 11, 2014 wreck was caused by the negligence of Murray and Mercer Transportation.

19.

The February 11, 2014 wreck was foreseeable to Murray and Mercer Transportation and could have been avoided had they acted in a safe and prudent manner as required by Georgia law.

20.

At the time of the February 11, 2014 wreck, Murray was operating the tractor trailer as an employee and/or agent of Mercer Transportation.

21.

At the time of the February 11, 2014 wreck, Murray was operating the tractor trailer in the course and scope of his employment and in furtherance of Mercer Transportation's business.

22.

At the time of the February 11, 2014 wreck, Murray was operating a commercial vehicle as a professional truck driver subject to the rules and regulations governing professional truck drivers.

23.

At the time of the February 11, 2014 wreck, American Zurich Insurance Policy Number TRK 5746979-00 was in force and covered Murray and Mercer Transportation for their liability for the wreck.

24.

As a direct and proximate result of Mercer Transportation and Murray's negligence, Mr. Jenkins suffered and continues to suffer serious and painful injuries, both physical and mental.

25.

As a result of the February 11, 2014 wreck, Mr. Jenkins has incurred past medical expenses and will incur future medical expenses, and Mr. Jenkins's physical health and quality of life have been significantly altered.

## LIABILITY OF DEFENDANT

26.

Mr. Jenkins re-alleges and reincorporates Paragraphs 1-25 as if fully set for the herein verbatim.

27.

Murray had a duty to operate, maintain, and inspect his tractor trailer in a safe and prudent manner so as not to endanger the lives and welfare of Mr. Jenkins and the motoring public. As a professional truck driver, Murray also had a duty to operate his commercial vehicle in accordance with the heightened standards required of commercial vehicle drivers and in accordance with his training and the CDL manual.

28.

Murray breached those duties in the following ways, amongst others:

(a) Failing to maintain the vehicle he was driving in a safe condition, thereby placing the lives and well-being of the public in general, and Mr. Jenkins in particular, in grave danger;

(b) Failing to inspect the vehicle he was driving to ensure it was in a safe condition, thereby placing the lives and well-being of the public in general, and Mr. Jenkins in particular, in grave danger;

(c) Driving a vehicle in an unsafe condition, thereby placing the lives and well-being of the public in general, and Mr. Jenkins in particular, in grave danger;

(d) Failing to operate the vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and Mr. Jenkins in particular, in grave danger;

(e) Failing to warn oncoming drivers and/or authorities of the danger posed by the drive shaft laying in the roadway, thereby placing the lives and well-being of the public in general, and Mr. Jenkins in particular, in grave danger; and

(f) Failing to maintain and operate the commercial motor vehicle in accordance with state and federal law.

29.

As a result of the foregoing breaches of duties, Mr. Jenkins suffered the losses and injuries noted herein.

30.

Alone or in conjunction with the negligence of Mercer Transportation, Murray's negligence proximately caused the injuries and damages sustained by Mr. Jenkins.

31.

Mercer Transportation is responsible under the doctrine of *respondeat superior* for the tortious acts and omissions of its agents, employees, members, representatives, or servants pursuant to O.C.G.A. §§ 51-2-2, 14-11-301, and other applicable law. These acts and omissions

include, but are not limited to, the acts and omissions committed by Murray on February 11, 2014, which are described above.

32.

Mercer Transportation negligently selected, hired, trained, supervised, retained, and/or entrusted Murray as a driver of a commercial vehicle.

33.

Mercer Transportation failed to properly inspect, maintain, service, and/or repair the tractor trailer that Murray was driving which was involved in the February 11, 2014 wreck.

34.

Mercer Transportation failed to ensure that its commercial vehicle and/or commercial vehicle driver complied with federal and state laws and regulations.

35.

As a result of the foregoing breaches of duties, Mr. Jenkins suffered the losses and injuries noted herein.

36.

Alone or in conjunction with the negligence of Murray, the negligence of Mercer Transportation proximately caused the injuries and losses sustained by Mr. Jenkins.

37.

The conduct of Murray and/or Mercer Transportation demonstrates wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences such that punitive damages should be awarded against it pursuant to O.C.G.A. § 51-12-5.1.

38.

Defendant Zurich Insurance provided liability coverage in the event of a motor vehicle collision or accident involving the Mercer Transportation tractor trailer involved in the February 11, 2014 wreck and Mercer Transportation or its employees and/or agents, including Murray.

39.

Mr. Jenkins is a third-party beneficiary under said contract or policy of insurance.

40.

Mr. Jenkins is entitled to receive payments from Defendant Zurich Insurance for the tort liability of Murray and Mercer Transportation.

### ATTORNEYS' FEES AND LITIGATION EXPENSES UNDER O.C.G.A. § 13-6-11

41.

Mr. Jenkins re-alleges and reincorporates Paragraphs 1-40 as if fully set forth herein verbatim.

42.

Defendant Zurich Insurance has been stubbornly litigious, and has caused Mr. Jenkins unnecessary trouble and expense, such that Mr. Jenkins seeks to recover from Defendant all costs of litigation, including attorneys' fees and expenses, pursuant to O.C.G.A. § 13-6-11 and all other applicable Georgia law.

### DAMAGES CLAIMED

43.

Mr. Jenkins re-alleges and reincorporates Paragraphs 1-42 as if fully set forth herein verbatim.

44.

The damages claimed by Mr. Jenkins were proximately caused by the tortious acts and omissions of Murray and Mercer Transportation, for which Zurich Insurance is liable.

45.

Mr. Jenkins claims the following damages:

(a) Damages for all components of the mental and physical suffering he endured, endures, and will endure in the future, as defined by Georgia law, and to be determined by the Court or the enlightened conscience of a fair and impartial jury;

(b) Damages for past and future medical expenses that have been incurred and will be incurred as a result of the injuries he sustained, as defined by Georgia law and to be determined by the Court or the enlightened conscience of a fair and impartial jury;

(c) Property damage to Mr. Jenkins's vehicle;

(d) Attorneys' fees and litigation expenses pursuant to O.C.G.A. § 13-6-11; and

(e) Punitive damages pursuant to O.C.G.A. § 51-12-5.1.

## PRAYER FOR RELIEF

46.

WHEREFORE, Plaintiff prays for the following relief:

(a) That summons issue requiring Defendant to appear as provided by law to answer this Complaint;

(b) That Plaintiff recovers all damages for all losses compensable under Georgia law as set forth above;

(c) That service be had on Defendant as provided by law;

(d) That the Court award punitive damages against Defendant; and

(e) For such other and further relief as the Court deems just and proper.

This 19TH day of March, 2015.

                        Respectfully submitted,

                        BUTLER WOOTEN CHEELEY & PEAK LLP

                        By: _____
                        BRANDON L. PEAK
                        Georgia Bar No. 141605
                        MORGAN E. DUNCAN
                        Georgia Bar No. 159929
                        105 13th Street
                        Post Office Box 2766
                        Columbus, Georgia 31902
                        (706) 322-1990
                        (706) 323-2962 (fax)

                        **ATTORNEYS FOR PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PERCY JENKINS,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN ZURICH INSURANCE COMPANY,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. _____ |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel in the foregoing matter with a copy of **NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

> Brandon L. Peak, Esq.
> Morgan E. Duncan, Esq.
> Butler Wooten Cheeley & Peak LLP
> 105 13th Street
> Post Office Box 2766
> Columbus, Georgia  31902

[Signature on Next Page]

DATED this 22nd day of April, 2015.

HAWKINS PARNELL
THACKSTON & YOUNG LLP

303 Peachtree Street N.E.
Suite 4000
Atlanta, Georgia 30308-3243
Tel: (404) 614-7400
Fax: (404) 614-7500
wfox@hptylaw.com
mlevinson@hptylaw.com

/ s / *Warner S. Fox*

Warner S. Fox
Georgia Bar No. 272654
Martin A. Levinson
Georgia Bar No. 141791
*Counsel for Defendant*